UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JIRI PIK,

       Plaintiff,

  -v-                                          No.  08 Civ. 10659 (LTS)(GEL)

JERRY C. CHAN, J.P. MORGAN CHASE & CO.,
et al.

       Defendants.

-------------------------------------------------------x

## Memorandum Opinion and Order

Plaintiff Jiri Pik, ("Pik"), a pro se litigant who describes himself as a resident of the United Kingdom and a citizen of the Czech Republic, brings this action against Defendants J.P. Morgan Chase & Co ("JPMC") and Jerry Chan ("Chan"), seeking damages for negative references allegedly made to potential future employers after Pik's internship with JPMC ended. The complaint asserts claims for breach of contract and a related conspiracy, harassment, invasion of privacy, intentional affliction of emotional distress and violations of Pik's constitutional rights.  Pik also asserts claims for unjust enrichment and quantum meruit against Chan.  Defendants move to dismiss the complaint on statute of limitations and forum non conveniens grounds, as well as for failure to state a claim upon which relief can be granted.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1332.  For the following reasons, the Court dismisses Plaintiff's federal constitutional claims in their entirety and grants Defendants' motion to dismiss on forum non conveniens grounds on the condition that

Defendants agree to service of process in the alternative forum, the U.K., and submit to its jurisdiction.

BACKGROUND

Pik worked as an intern at JPMC's London branch from October 18, 2004, until November 1, 2005. (Compl. ¶ 8; Swartz Aff. ¶¶ 2-3.) During his time at the London office, Pik worked under the supervision of Andrew Freyre Sanders ("Sanders"). John F. Bradley ("Bradley") was the Head of Human Resources for the Global Equities Structured Portfolio Trading desk, the division in which Pik worked. As part of his internship, Pik worked closely with members of the JPMC New York office, including defendant Chan, though Pik acknowledges that he and Chan have never met in person. (Compl. ¶ 11.)

Pik's claims principally concern conduct that allegedly took place after the close of his internship with JPMC. Pik alleges that following the end of his internship, he was unable to secure employment or even interviews with other firms in the financial industry because of a widespread rumor that Pik and Chan were lovers. Specifically, Pik contends that each time a potential employer asked JPMC for a reference, JPMC divulged false and malicious information, including that: 1) Pik's employment was terminated because of an amorous relationship with Chan, and 2) Pik is HIV positive. (Compl. ¶¶ 17-18, 20.) Defendants concede that this information is false, but contend that they never made these statements. (Def.'s Br. at 6). Among the potential employers to whom Pik suspected JPMC communicated these false rumors were the Tokyo offices of Citigroup and Merrill Lynch, the London office of UBS and the firm at which Pik interviewed in New York City around November 15, 2005. (Swartz Aff. Ex. B, D-G.) Pik voiced his concerns to Bradley and Walter Gubert ("Gubert"), another JPMC employee.

(Swartz Aff. Exs. C, I.)  Pik also communicated these concerns to Chan in a series of e-mails, fearing that such false rumors were destroying his reputation and keeping him from finding work, but received no response.  (Compl. ¶¶ 21-22; Swartz Aff. Exs. B, D-I.)  Plaintiff "believes that [Chan] or somebody pretending to be [Chan] . . . provided confidential information about [Plaintiff]" to third parties.  (Compl. ¶ 23.)

Pik filed this complaint on October 29, 2008, against Defendants Chan and JPMC.  Since then, the Court has had much difficulty communicating with Pik, who maintains a London, England address but apparently resides in Switzerland.  The Court's correspondence to Pik takes, on average, more than four weeks to reach him, causing considerable confusion and delay.

## DISCUSSION

A complaint filed by a pro se litigant is held to a standard less stringent than complaints drafted and filed with the help of an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court will thus construe the claims made in his complaint liberally, to uncover the best argument that the pleadings may suggest.  Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

Plaintiff's Federal Constitutional Claims

To the extent that the Complaint can be understood to assert claims against JPMC and Chan for violating Plaintiff's federal constitutional rights (see Compl., JPM Count 3, JPM Count 5, JC Count 2, JC Count 5), those counts must be dismissed for failure to state a claim.  It is axiomatic that "[i]n order to state a claim under § 1983" – the only statute pursuant to which Plaintiff's ostensible federal claims can be construed to have been asserted – "a plaintiff must

allege that he was injured by either a state actor or a private party acting under color of state law." Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). The Complaint alleges neither that Defendants are state actors nor that they are private actors who acted under color of state law or in concert with a state actor. See Id. at 323-24. Plaintiff's federal constitutional claims must therefore be dismissed.

JPMC's Motion to Dismiss on Forum Non Conveniens Grounds

Defendants move to dismiss the entire Complaint on forum non conveniens grounds, arguing that New York is an inconvenient forum and that the United Kingdom is an adequate alternative forum in which to resolve the dispute. The primary purpose of any inquiry into forum non conveniens is to "ensure that the trial is convenient." Piper Aircraft v. Reyno, 454 U.S. 235, 256 (1981). Forum non conveniens allows a court to "resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Gulf Oil v. Gilbert, 330 U.S. 501, 507 (1947), superseded by statute on other grounds as recognized in Gazis v. John S. Latsis (USA) Inc., 729 F. Supp. 779, 987 (S.D.N.Y. 1990). "Dismissal is appropriate where 'trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice.'" BFI Group Divino Corp. v. JSC Russian Aluminum, 481 F. Supp. 2d 274, 279 (S.D.N.Y.2007) (quoting Piper Aircraft, 454 U.S. at 249).

The Second Circuit has articulated a three-step analysis to guide district courts' exercise of their broad discretionary authority to apply this principle, requiring that courts analyze: 1) the degree of deference due to the plaintiff's original choice of forum; 2) the availability and adequacy of an alternative forum; and 3) the public and private interest factors

resulting from litigation in the chosen forum.  Iragorri v. United Technologies Corp., 274 F.3d 65, 73-74 (2d Cir. 2001) (en banc).

*Degree of Deference Given to Pik's Chosen Forum*

A Plaintiff enjoys a presumption favoring his chosen forum.  Norex Petroleum Ltd. v. Access Industries, Inc., 416 F.3d 146, 146 (2d Cir. 2005); see also Piper Aircraft, 454 U.S. at 255.  The considerations governing deference represent a "sliding scale" on which a plaintiff's choice will be placed depending upon the degree of convenience reflected in his choice.  Irragori, 274 F.3d at 71.  Generally, the greatest deference is afforded to a plaintiff's choice of his home forum, while less deference is afforded to a foreign plaintiff's choice of a United States forum.  Id.  The Second Circuit has explained that "when a foreign plaintiff sues in a United States forum such choice is entitled to less deference because one may not easily presume that choice is convenient," and that even in the absence of any indication of forum-shopping "there still is no reason to assume a U.S. forum is convenient for a foreign plaintiff's suit."  Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 71 (2d Cir. 2003) (affirming dismissal for forum non conveniens where foreign plaintiff had sued U.S. bank in its home forum on claims arising out of conduct occurring mostly in London).

Plaintiff does not live in New York,[1] and other than Bradley, Chan and one other individual, does not expect to call any witnesses from New York.  Defendants indicate that they themselves will call Chan and the unnamed witness. (Swartz Aff. ¶ 6.)  See Alliance Assur. Co., Ltd. v. Luria Bros. & Co., Inc., No. 86 Civ. 1151 (CBM), 1987 WL 10031 at *4 (S.D.N.Y. Apr.

---

[1]  Plaintiff maintains a London address and a Swiss fax number.  The Court has routinely experienced delays of at least one month in obtaining responses to its communications with Plaintiff.

22, 1987) (the fact that producing certain material witnesses in alternative forum would be at plaintiff's expense weighed against dismissal on forum non conveniens grounds). Furthermore, Plaintiff has offered no "specific reasons of convenience supporting his choice" of forum, see Piper Aircraft, 454 U.S. at 249, other than vague assertions that Plaintiff's claims against Defendants have been placed "on indefinite hold" or "cancelled" by the British Government "on political grounds" and because "Plaintiff's upright character has been identified [as] a threat to the British Government." (Pl.'s Br. ¶¶ 91, 96, 131.) Defendants have confirmed, at the Court's request, that although Plaintiff "threatened litigation in the UK," they are unaware of any action filed by Plaintiff in that country. (Docket entry no. 27, May 19, 2010, letter from Heidi L. Swartz.) For these reasons, the Court gives little deference to Plaintiff's choice of forum.

*Adequacy of the U.K. as an Alternative Forum*

"An alternative forum is adequate if the defendants are amenable to service of process there, and if it permits litigation of the subject matter of the dispute." Piper Aircraft, 454 U.S. at 254. Defendants concede that they are subject to jurisdiction in the U.K.,[2] and expect to call several New York or U.S. based witnesses "to defend against Plaintiff's allegations" (Swartz Aff. ¶ 6). Furthermore, Pik will find within U.K. law a cause of action for each of his remaining claims,[3] and with respect to his tort claims of invasion of privacy and intentional infliction of

---

2   See Def.'s Br. at 22 (noting that "a forum is 'available' and 'adequate' if defendant is amenable to jurisdiction there" and arguing that "[t]he U.K. is clearly an 'available' and 'adequate' forum").

3   See e.g. Botham v. Ministry of Defence, 2010 E.W.H.C. 646 (Queens Bench)(breach of contract); Bank Ag. & Anor v. Scott & Ors 2010 E.W.H.C. 451 (Queens Bench) (conspiracy to breach contract); M & L Sheet Metals Ltd. v Willis, No. 0474-09, 2010 WL 889302 (Employment Appeal Tribunal March 12, 2010) (harassment); White v. Whithers LLP, 2009 E.W.C.A. Civ. 1122 (Court of Appeal Civil Division)(invasion of privacy); King v. Bristow Helicopters Ltd., 2002 Lloyd's Rep. 745 (House of Lords)(intentional infliction of emotional

emotional distress, will enjoy a six year statute of limitations as opposed to New York's one year limitations period.  See Limitation Act 1980, Part I, §§ 2 and 5; N.Y. C.P.L.R. § 215(3) (McKinney 2006).  So long as Defendants are amenable to jurisdiction and process in the U.K., a forum that can give Pik the legal remedies he seeks, the U.K. is an adequate alternative forum.  Piper Aircraft, 454 U.S. at 254 n.22; see also Pollux Holding Ltd., 329 F.3d at 75 ("Since plaintiffs have not asserted that English courts are in any way inadequate and because we have expressed high regard for those courts' fairness and commitment to the rule of law . . . it certainly cannot be said that it was an abuse of discretion to hold that England was an adequate alternative forum" (citation omitted)).  However, Defendants have failed to stipulate that JPMC and Chan are amenable to service of process in the U.K., or that they will submit to the U.K.'s jurisdiction, and for that reason the Court's dismissal on forum non conveniens grounds is conditional.  See Pollux Holding Ltd., 329 F.3d at 75 (noting that defendant's consent to submit to the alternative forum's jurisdiction as a condition of dismissal).

*Balancing Private and Public Interests*

When considering the private interests at stake in a forum non conveniens inquiry, the court will examine the hardships each forum would impose on the parties, focusing "on the precise issues that are likely to be actually tried, taking into consideration the convenience of the parties and the availability of witnesses and the evidence needed for the trial of these issues."  Irragori, 274 F.3d at 74.  The public interests involved in a forum non conveniens inquiry include

---

distress); Walsh v. Singh, 2009 E.W.H.C. 3219 (Ch. Div. Dist. Registry Birmingham)(unjust enrichment and quantum meruit).  Additionally, U.K. law does hold that, as a general matter, employers owe former employees a duty of care when they give references to potential future employers.  See Rhys-Harper v Relaxion Group Plc, 2003 I.C.R. 867 (House of Lords).

the benefits to resolving disputes in the forum where they arise.  Piper Aircraft, 454 U.S. at 508-509.

The principle focus of the Complaint is alleged conduct of supervisors in the JPMC London office where Plaintiff worked as an intern.  The harmful references JPMC allegedly gave to Plaintiff's potential future employers originated from its London office.  Thus, adjudication of this matter will involve documents and witnesses located in the London office, where Plaintiff worked and his supervisors were located.  The U.K. has a greater interest than does the U.S. in adjudicating claims of misconduct by entitles located within its jurisdiction.  While Chan is named as a defendant, the only allegations relating to him involve his refusal to respond to Plaintiff's emails and Plaintiff's "belie[f]" that Chan may have "provided confidential information about [Plaintiff]" to third parties.  (Compl. ¶¶ 21, 23.)  Finally, the burden and uncertainty caused by the long delays involved in communicating with Plaintiff counsel against litigating the action in the this forum.  For these reasons, the private and public interest factors strongly favor the U.K. as a forum for Plaintiff's claims.

## CONCLUSION

Plaintiff's federal causes of action are dismissed for failure to state a claim.  Plaintiff's other claims are more properly litigated in a U.K. Court.  Therefore, Defendants' motion to dismiss is granted as to those claims on forum non conveniens grounds only.  Dismissal is conditioned on Defendants serving and filing (with courtesy copies provided for Chambers), no later than **July 30, 2010**, affidavits agreeing, with respect to the claims pleaded in Plaintiff's complaint, to 1) submit to jurisdiction and waive service of process in a U.K. court, and 2) waive any statute or other law of limitations not available at the time of the filing of the

instant action that would otherwise apply under U.K. law to any action hereafter brought by Pik in a U.K. Court.

This Memorandum Opinion resolves docket entry no. 10.

SO ORDERED.

Dated: New York, New York
July 2, 2010

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge